## In re MACK TRUCKS, INC. ANTITRUST LITIGATION.

*Equipment Services, Ltd. v. Mack Trucks, Inc.,* D.Alaska, Civil Action No. A–75–31.

### No. 178.

Judicial Panel on Multidistrict Litigation.

Nov. 24, 1975.

See also Jud.Pan.Mult.Lit., 383 F. Supp. 503.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Western District of Washington and, with the consent of that court, assigned them to the Honorable Donald S. Voorhees for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Various defendants involved in the litigation in the transferee district, one of whom is the sole defendant in the above-captioned action, move the Panel for an order transferring it to the Western District of Washington for inclusion in the centralized pretrial proceedings pending there. Plaintiff in this action opposes transfer. We find insufficient basis for transfer under Section 1407 and, accordingly, deny defendants' motion.[2]

In 1969, Equipment Services, Ltd. entered into a distributorship agreement with Mack Trucks, Inc., whereby Equipment Services agreed to sell vehicles and parts manufactured by Mack Trucks. Subsequently, Equipment Services established certain accounts for sales of trucks or financing of parts and floored-inventory with Mack Trucks and Mack Financial, a wholly-owned subsidiary of Mack Trucks. By 1970, Equipment Services allegedly defaulted on these accounts and failed to remit promptly to Mack Financial the proceeds from the sale of floor-planned vehicles. After unsuccessful attempts were made to negotiate a mutual termination of their distributorship arrangement, Mack

---

1. *In re Mack Trucks, Inc. Antitrust Litigation,* 383 F.Supp. 503 (Jud.Pan.Mult.Lit. 1974).

2. The parties waived their right to oral argument and, pursuant to R.P.J.P.M.L. 14, 65 F.R.D. 253, 264 (1975), the question of transfer of this action under 28 U.S.C. § 1407 was submitted on the briefs.

Trucks terminated Equipment Services as a distributor in 1972.

Thereafter, in 1973, Equipment Services commenced an antitrust action[3] against Mack Trucks, Mack Financial and others, alleging, *inter alia,* that defendants engaged in predatory tactics to integrate vertically the wholesale and retail operations of Mack Trucks, which effectively eliminated independent distributors from competing with wholly-owned distributors by unreasonably increasing the independent distributors' cost of doing business. More specifically, plaintiff alleges that defendants conspired against it in the following manner: (1) defendants refused to accept return of floored-inventory and parts at their full price; (2) they failed to properly account to Equipment Services for money owing pursuant to their franchise agreement; and (3) defendants refused to account to Equipment Services for defendants' repossession of Equipment Services' equipment, inventory, parts and other property that was used as collateral for certain loans made by defendants to plaintiff.

In 1975, Equipment Services instituted an action for breach of contract against Mack Trucks in Alaska state court, which was soon removed to the District of Alaska.[4] The complaint contains allegations that the parties' financial arrangement required Equipment Services to establish a cash reserve with Mack Trucks and Mack Financial for each vehicle plaintiff sold on an installment sales basis; that upon full payment under the installment sales contract, defendant was to return the cash reserves to plaintiff; that when defendant terminated plaintiff's distributorship, a number of installment sales contracts existed with total cash reserves of approximately $13,000; and that these installment sales contracts have been fully satisfied by the purchasers thereunder, but defendant has refused to return the cash reserves to Equipment Services despite plaintiff's demands. As a result, plaintiff seeks judgment for the sum of these reserves. Also, the parties stipulated to the filing of a counterclaim by Mack Trucks for $8,668.51, which represents the amount allegedly owing on the open parts account of Equipment Services with Mack Trucks.

Movants contend that transfer of *Equipment Services II* for inclusion in the ongoing pretrial proceedings in Washington would further the purposes of Section 1407 because the factual issues underlying the contract claims in this action are inextricably interrelated to those involved in the antitrust allegations asserted in *Equipment Services I.* We disagree.

Our analysis of the pleadings in *Equipment Services II* along with the papers submitted by the parties persuades us that it is a simple contract action capable of prompt resolution, which should not be entangled with the complex antitrust matters previously transferred. Thus, the just and efficient conduct of both the litigation in the transferee district as well as *Equipment Services II* can best be achieved by leaving this action in Alaska, notwithstanding our recognition that the similarity of parties between the two Equipment Services' actions gives rise to at least some common factual nexus.

It is therefore ordered that defendants' motion to transfer *Equipment Services, Ltd. v. Mack Trucks, Inc.,* D. Alaska, Civil Action No. A–75–31, be, and the same hereby is, denied.

3. This action, entitled *Equipment Services, Ltd. v. Mack Trucks, et al.,* D.Alaska, Civil Action No. A–76–73, was one of the actions previously transferred by the Panel to the Western District of Washington for Section 1407 treatment. It is hereinafter referred to as *Equipment Services I.*

4. This action, hereinafter referred to as *Equipment Services II,* is the subject of defendants' motion to transfer.